**Arival SINGH, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 04–71236.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Sept. 14, 2006.

Filed Sept. 28, 2006.

---

Inna Lipkin, Esq., Law Offices of Inna Lipkin, Redwood City, CA, for Petitioner.

Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, Cindy S. Ferrier, Esq., Department of Justice-U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, Robert H. Foster, Trial Attorney, Department of Justice-U.S. Department of Justice, Environment and natural Resource Div./Environmental Enforcement Section, Denver, CO, for Respondent.

Before: B. FLETCHER and BERZON, Circuit Judges, and TRAGER,* District Judge.

## MEMORANDUM **

Arival Singh, a native and citizen of India, petitions for review of an order of the Board of Immigration Appeals ("BIA") dismissing his appeal from an immigration judge's ("IJ") order denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We dismiss the petition for review in part, grant it in part, and remand for further proceedings.

We lack jurisdiction to review Singh's newly raised CAT claim. *See Barron v. Ashcroft,* 358 F.3d 674, 678 (9th Cir.2004) (exhaustion is mandatory and jurisdictional).

The BIA did not expressly adopt the IJ's decision, but referred to and relied on his grounds in conducting its appellate review for clear error. *See* 8 C.F.R. § 1003.1(d)(3)(i). We therefore review the BIA's decision as illuminated by the IJ's findings. *See Kozulin v. INS,* 218 F.3d 1112, 1115 (9th Cir.2000) ("Where the BIA does not independently review the record, or where the BIA relies upon the IJ's opinion as a statement of reasons, we look to the IJ's oral decision as a guide to what lay behind the BIA's conclusion."). Reviewing for substantial evidence, *see Lata v. INS,* 204 F.3d 1241, 1244 (9th Cir.2000), we conclude

---

* The Honorable David G. Trager, Senior United States District Judge for the Eastern District of New York, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

that the agency's adverse credibility determination is inadequately supported:

First, as the government concedes, the agency mistakenly identified an inconsistency concerning Singh's first name.

Second, the IJ's demeanor-based finding, which Singh adequately challenged in his opening brief, is not supported by substantial evidence. The IJ's reasoning that post-traumatic stress is required to explain a petitioner's affectless testimony about abuse is not "a specific, cogent reason for the disbelief." *Paredes–Urrestarazu v. INS*, 36 F.3d 801, 820–21 (9th Cir.1994) (internal quotation marks and citation omitted).

Third, the IJ's statement that Singh would have sought professional medical care for his injuries is not substantial evidence supporting the adverse credibility determination, as the IJ failed to give Singh an opportunity to explain why he treated himself at home. *See Chen v. Ashcroft*, 362 F.3d 611, 618 (9th Cir.2004).

 Fourth, contrary to the IJ's decision, the record demonstrates that Singh *was* able to recall his birthdate and wedding date with approximately the same level of specificity as his arrest dates. The purported inconsistency identified by the IJ therefore does not support the adverse credibility determination. *See Baljit Singh v. Ashcroft*, 301 F.3d 1109, 1112 (9th Cir.2002).

 Fifth, substantial evidence does not support the agency's adverse credibility ground based on Singh's mother's and wife's affidavits being submitted in English. *Cf. Lin v. Gonzales*, 434 F.3d 1158, 1163 (9th Cir.2006) ("Without some evidence in the record, other than the IJ's bare personal view, we have no way of knowing whether the IJ's suspicions are simply conjecture or legitimate concerns bearing on the reliability of the docu-

ment.... The reviewing court should not be in a position of speculating about the IJ's speculations."). Every indication is that these affidavits were written in India, not the United States, so the government's argument that the documents are suspect because they "contain stamps and copies of Rupee notes" is unfounded. There is no reason to discredit the affidavits simply because they are in English, nor for their similar content, particularly as Singh was not accorded the required opportunity to explain these features. *See Chen*, 362 F.3d at 618.

Sixth, even assuming that the BIA may properly rely upon a credibility ground that the IJ did not mention, the BIA's impugning of Singh's testimony as providing "very little evidence" that the police arrested him twice because they were looking for his brother is not a permissible ground for the adverse credibility determination. *See Salaam v. INS*, 229 F.3d 1234, 1239 (9th Cir.2000) (per curiam) (credible testimony does not require corroborating evidence to support an asylum claim).

Finally, to the extent that the BIA's decision relied on the IJ's concerns about Singh's passport and that of his son, it was erroneous. Whether the passports were in fact obtained so that Singh and his son could attend a family wedding does not go to the heart of Singh's claim of persecution and is therefore not substantial evidence regarding the credibility of that claim. *See Rajinder Singh v. Gonzales*, 439 F.3d 1100, 1108 (9th Cir.2006) ("An inconsistency goes to the heart of a claim if it concerns events central to petitioner's version of why he was persecuted and fled."). We also reject the IJ's skepticism about why Singh had a copy of his passport as impermissibly conjectural. *See Guo v. Ashcroft*, 361 F.3d 1194, 1202 (9th Cir.2004).

Accordingly, we remand for the agency to consider the merits of Singh's asylum and withholding of removal application, accepting his testimony as true. *See INS v. Ventura,* 537 U.S. 12, 17, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam); *He v. Ashcroft,* 328 F.3d 593, 603–04 (9th Cir. 2003).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; REMANDED.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.